**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEANDRE D. WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-548-AGF |
| ) | |
| RONDA BLACK, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff DeAndre D. Walton brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. The matter is now before the Court upon his for leave to proceed without prepayment of the required filing fees and costs (ECF No. 4). Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.55. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will order Plaintiff to file an amended complaint.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff is a prisoner at Eastern Reception Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. ECF No. 1. In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $7.75, and an average monthly balance of $7.21 over the six-month period prior to case initiation. ECF No. 8. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $1.55, which is twenty percent of Plaintiff's average monthly deposits. *See* 28 U.S.C. § 1915(b)(1).

## Legal Standard on Initial Review

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

2

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On April 21, 2025, Plaintiff filed the instant action against two caseworkers at ERDCC, Ronda Black and Lisa Hooker, and the "Medical Staff of ERDCC." (ECF No. 1). He writes that on March 25, 2025, he was placed "in the hole" for a conduct violation. (*Id.* at 4). Plaintiff does not identify which, if any, of the defendants wrote the conduct violation. The conduct violation alleged that Plaintiff was attempting to bring illegal substances into the facility. (*Id.*) Plaintiff denies this allegation and claims that he was denied due process and was told he could not begin the grievance process until after he "did the time for the acts of the conduct violation." (*Id.*) Again, Plaintiff does not identify which, if any, of the defendants told him this.

3

Plaintiff also complains about a second conduct violation, where he was given a violation for possessing tobacco. (*Id*.) Plaintiff claims this was tea rather than tobacco and he was again denied due process. (*Id*. at 4-5). Plaintiff believes that these two violations are in retaliation for his filing an informal resolution request "on a officer for racial comments and disrespect to my religion." (*Id.* at 5). Plaintiff accuses Defendant Black of failing to give due process and denying him a right to a proper hearing for these two conduct violations. (*Id*.)

In addition to his concerns about the two conduct violations, Plaintiff makes various other unrelated claims. Plaintiff complains about Defendant Hooker's handling of his legal mail. (*Id*. at 5-7). He accuses her of holding onto legal mail for a prolonged period and opening his legal mail. (*Id*. at 7). Plaintiff also complains that the medical department at ERDCC is withholding his medications. (*Id*.). Plaintiff claims that he lost an appeal case because he did not get his paperwork in time from the mail, and he has had dizzy spells and pain from not receiving his medications. (*Id*. at 8)

For relief, Plaintiff requests $100,000 for "failure to properly investigate wrongful detention" and $100,000 from "the Medical Staff" for failure to administer his medications. (*Id*. at 9).

## Discussion

Having thoroughly reviewed and liberally construed Plaintiff's complaint, the Court concludes that his claims are subject to dismissal. However, in consideration of Plaintiff's self-represented status, the Court will allow him to file an amended complaint.

Plaintiff presents a case involving multiple unrelated claims and requests for relief against three defendants. Plaintiff's attempt to bring such unrelated claims against unrelated

4

defendants is improper. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and states as follows:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*; and (B) *any question of law or fact common to all defendants will arise in the action*.

Rule 20(a), Fed. R. Civ. P. (emphasis added).

Under this Rule, a plaintiff cannot join in a single lawsuit a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees — for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.* For example, in the instant complaint, Plaintiff's claim regarding his delayed legal mail is unrelated to his claim that he is being denied his medicine, which are both unrelated to the conduct violations he received.

Rule 18(a) of the Federal Rules of Civil Procedure, which governs joinder of claims, states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Rule 18(a), Fed. R. Civ. P. Under this Rule, multiple claims may be asserted if Plaintiff sues a *single* defendant.

5

Because Plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an amended complaint. In so doing, Plaintiff must select the transaction or occurrence he wishes to pursue and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed *in forma pauperis*.

Plaintiff must prepare the amended complaint using the Court-provided form and must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. *See* Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the form complaint, Plaintiff must write the name of the defendant(s) he wishes to sue. It is important that Plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, Plaintiff must

6

file a single, comprehensive pleading that sets forth his claims for relief, and not try to amend by filing separate documents.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed without prepayment of the required filing fees and costs (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.55 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Memorandum and Order, Plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 18th day of July, 2025.

                                               _/s/ Audrey G. Fleissig_
                                               AUDREY G. FLEISSIG
                                               UNITED STATES DISTRICT JUDGE