**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEANDRE D. WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-548-AGF |
| | ) | |
| RONDA BLACK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

The matter is now before the Court on Plaintiff Deandre D. Walton's response to the Court's Order to Show Cause. ECF No. 11. For the reasons set forth below, the Court will dismiss this action without prejudice.

In his response to the Order to Show Cause, Plaintiff admits he has not exhausted his administrative remedies. *Id*. at 1. He states the reason he failed to exhaust his remedies is because "the very people who this legal action is against are the very people who investigate and respond to the IRR process." *Id*. He states this prevents him from getting "full due process" due to the conflicts of interest. *Id*. He claims he has filed numerous IRRs "since the beginning of this action" that have gone unanswered. *Id*. It is unclear what those IRRs relate to. Notably, Plaintiff did not attach any IRRs to his response.

There are limited circumstances where administrative remedies are deemed unavailable to a prisoner. Administrative remedies are unavailable when a prisoner faces threats of serious retaliation for pursuing the grievance process. *See East v. Minnehaha Cnty.*, 986 F.3d 816, 821 (8th Cir. 2021). However, to excuse exhaustion on those grounds, "there must be some basis in the record [to show that a] reasonable prisoner of ordinary firmness would have understood the

prison official's actions to threaten retaliation if the prisoner chose to utilize the prison grievance system." *Id*. (cleaned up). General and unsubstantiated fears of retaliation are insufficient. *Id*. (citing *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 794 (9th Cir. 2018)).

Here, Plaintiff does not allege any fear of retaliation as the basis of not completing the grievance process. Instead, he alleges a conflict of interest would prevent him from getting full due process through the grievance process. Thus, Plaintiff argues that he believes the grievance process is inadequate. Even if this were true, that does not make the process unavailable to him, like in the case of an inmate who is being threatened with retaliation for merely filing a grievance. On this record, Plaintiff has not demonstrated that the grievance process was effectively unavailable to him. Accordingly, this case will be dismissed for failure to exhaust administrative remedies. *See Porter v. Sturm*, 781 F.3d 448 (8th Cir. 2015) ("Where a prisoner fails to exhaust administrative remedies prior to bringing a § 1983 action, dismissal without prejudice is mandatory.").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 9] and motion for appointment of counsel [ECF No. 8] are **DENIED** as moot.

The Court will issue a separate Order of Dismissal contemporaneously with this Memorandum and Order.

2

Dated this 2nd day of March, 2026.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE